## United States District Court
## District of Connecticut

| | |
|---|---|
| JoAnne M. Williams as Trustee for the Estate of Frederick B. Williams Sr., JoAnne M. Williams a/k/a JoAnne M. Wojtaszek | DOCKET NO: |
| v. | |
| Countrywide Bank, FSB d/b/a Bank of America, N.A. | |
| Countrywide Home Loans, Inc. d/b/a Bank of America Home Loans, Countrywide Bank, N.A. d/b/a Bank of America, N.A. | DECEMBER 09, 2018 |
| BAC Home Loans Servicing, L.P FKA Countrywide Home Loans Servicing, LP | |
| BAC Home Loans Servicing, L.P. d/b/a Bank of America Home Loans, Bank of America, N.A. aka Countrywide Bank, N.A. Bank of America Corporation, | |
| NATIONSTAR MORTGAGE LLC, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | |
| Caliber Home Loans, Inc. d/b/a Caliber Home Loans and Caliber Home Loans Servicing | |

## **COMPLAINT**

## **JURISDICTIONAL ALLEGATIONS:**

1.      JOANNE WILLIAMS is an individual and resident of the State of Connecticut.

2.    the Estate of Frederick B. Williams Sr. is a Connecticut trust which resulted in the death of the Plaintiff Joanne Williams' father.

3.    The Defendant, Countrywide Bank, FSB d/b/a Bank of America, N.A. hereafter" Countrywide" is a corporation or national bank who conduct business in this state.

4.    The Defendant, Countrywide Bank, N.A. d/b/a Bank of America, N.A., hereafter "Countrywide" is a corporation or a national bank who conduct business in this state.

5.    The Defendant, Countrywide Home Loans, Inc. d/b/a Bank of America Home Loans, hereafter "Countrywide" is a corporation or a national bank who conduct business in this state.

6.    The Defendant, BAC Home Loans Servicing, L.P FKA Countrywide Home Loans Servicing, LP, hereafter "Bank of America" is a corporation or a national bank who conduct business in this state.

7.    The Defendant, BAC Home Loans Servicing, L.P. d/b/a Bank of America Home Loans, hereafter "Bank of America" is a corporation or a national bank who conduct business in this state.

8.    The Defendant, Bank of America, N.A. aka Countrywide Bank, N.A., hereafter "Bank of America" is a corporation or a national bank who conduct business in this state.

9.    The Defendant, Bank of America Corporation, hereafter "Bank of America" is a corporation or a national bank who conduct business in this state.

10.   The Defendant, NATIONSTAR MORTGAGE LLC, hereafter "NATIONSTAR" is a corporation or a national bank who conduct business in this state.

11.   The Defendant, Caliber Home Loans, Inc. d/b/a Caliber Home Loans and Caliber Home Loans Servicing is a foreign corporation who conduct business in this state.

12.   This Court has jurisdiction because the Plaintiffs' claims are violation of federal laws, specifically "FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 et seq",

supplemental jurisdiction and diversity jurisdiction because the Plaintiffs and the Defendants are from different states and the amount in controversy is over dollars one hundred thousand dollars ($100,000.00).

13.     Venue is proper because the foreclosure action and the property which gave rise to this action are from this state.

## FACTUAL ALLEGATIONS

1.      All the Defendants are in privity with one another and, therefore, are liable for each other's statements, acts and statements and acts of their counsel. They all knew of the existence of the funds belonging to the Plaintiffs and conspired to conceal that information from the Plaintiffs.

2.      On or about November 5, 2004, the father of the Plaintiff Joanne Williams perished in a house fire at their residence located at 42 Florence Lane, Plainville, CT 06062.

3.      As a result of the fire, almost all documents and records of her father were burned and lost.

4.      At the time of the death of the Plaintiff's father, Frederick B. Williams Sr., he had a loan balance of about $137,400.00 which was secured by a mortgage on the above house with Countrywide Bank.  The mortgage was non-assumable.

5.      On 6/21/2005, as a result of a claim, AIG/Colonial Penn issued a check in the amount of $130,797.59, made payable to the order of "Estate of Frederick B. Williams, Bill Kapura Building Contract, Countrywide Home Loans c/o..".  The payment was for the purpose of rebuilding the house.

6.      On or about 6/28/2006, another check was issued by AIG in the amount of $66,783.00 and made payable to the order of "Estate of Frederick B. Williams, Bill Kapura Building Contractors c/o Joanne M. Wojtaszek, Exec 42 Florence Lane, Plainville, CT 06062-

1054."

7.     During the reconstruction of the house, Countrywide Home Loans called the Plaintiff and told her "If you don't assume your father's mortgage, reconstruction would STOP."

8.     At the time Countrywide Home Loans made this statement, the statement was false and Countrywide knew the statement was false.

9.     On or about August 23, 2005, the Plaintiff relied on the above statement and paid $100.00 as consideration to assume her father's mortgage.  At the time the Plaintiff assumed her father's mortgage, the Defendant Countrywide and its co-conspirators did not tell her that the mortgage was paid off.  They concealed that information from the Plaintiff.

10.    The Plaintiff paid the newly assumed mortgage until October 2006 when she went to Webster Bank to refinance with a new loan in the amount of $237,000.00. With those funds, the existing assumed mortgage was paid off.

11.    Bank of America, N.A.aka Countrywide Bank, FSB confirmed receipt of the payoff via confirmation letter stating "PAID IN FULL."

12.    The following week, on October 30, 2006, the Plaintiff was told that her new loan was transferred from Webster Bank to Countrywide Bank FSB.   The Plaintiff was told that the new loan was sold or transferred to Countrywide Bank.  However, During the foreclosure of 2013, the Plaintiff discovered that her new loan (refinanced loan) was never with Webster Bank but instead with the same Countrywide Bank FSB.

13.    On information and belief, on or about 2008, Countrywide Financial and its subsidiaries listed above as Defendants were purchased by Bank Of America Corporation.

14.    On or about August 24, 2009, BAC Home Loans Servicing L.P. commenced a foreclosure action against the Plaintiff which resulted in a modification in January 2010 and a dismissal of the case in June 2010.

15.   On information and belief, On or about February 26, 2013, NATIONSTAR MORTGAGE, LLC commenced a foreclosure action against the Plaintiff Joanne WIlliams

16.   In the 2013 foreclosure, NATIONSTAR MORTGAGE, LLC alleged that on 02/15/2012, it acquired the mortgage and note of the Plaintiff by assignment from BANK OF AMERICA N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP.

17.   Up until about July, 2015, the Defendants concealed from the Plaintiff that her father's mortgage she had assumed was actually paid off before her assumption of the mortgage.  On that day her suspicions were proven.

18.   On that day, the Plaintiff became aware that the Defendant NATIONSTAR MORTGAGE, LLC was holding $152,000.00 of insurance proceed from the time of the Plaintiff's assumption of her father's mortgage because NATIONSTAR MORTGAGE, LLC admitted in open court that it had possession of the funds but did not know how to release it.  The funds are still not released to the Plaintiff.

19.   Up until that time, the Plaintiff Joanne Williams had continuously professed that she believed her father had insurance to pay-off his mortgage; however, she was unable to prove it because the documents were lost in the fire and Bank of America Corporation and its predecessors and subsidiaries Defendants, AIG and NATIONSTAR MORTGAGE, LLC consistently told her that they had no records of any payment of the mortgage of her father.

20.   Not being able to access the Corporations' computer and file system, the Plaintiff was left to just watch her house be taken away helplessly since she did not have the records as a result of the fire who took away her beloved father.

21.   Even though, NATIONSTAR MORTGAGE, LLC, knew it had the funds to pay-off the prior mortgage of the Plaintiff's dad, it proceeded with the foreclosure and ultimately

took title of the Plaintiff's property as the.

22.    The pay-off funds were transferred to NATIONSTAR MORTGAGE, LLC when it purchased the Plaintiff's mortgage and note from the alleged assignor and seller.  As a result, NATIONSTAR MORTGAGE, LLC knew or should have known that there was possible fraud with the note and mortgage it was purchasing.  At the very least, it should have asked why such a large amount of money was being held with the note and mortgage.

23.    NATIONSTAR MORTGAGE, LLC kept those funds and never returned it to the Plaintiff or the Estate of Frederick B. Williams Sr. or escheat the funds to the State of Connecticut as unclaimed funds.

24.    NATIONSTAR MORTGAGE, LLC was not a bona fide purchaser of the mortgage and note because the funds were transferred to it when it purchased the mortgage and note; NATIONSTAR MORTGAGE, LLC knew about the large amount of money that was still connected with the note and mortgage.  Those funds were notice of some issue with the note.  Those funds were notice of possible fraud with the note and mortgage.

25.    The Defendant Caliber Home Loan Services ("Caliber") and NATIONSTAR MORTGAGE, LLC are in privity with one another and, therefore, are liable for each other's statements, acts and statements and acts of their counsel.

26.     The Defendant Caliber Home Loan Services ("Caliber") was servicing the Plaintiff's new loan and during that time, Caliber told the Defendant that there is also a balance of the construction funds which should have been returned to the Plaintiffs.

27.    The balance of the construction funds is in an account with either NATIONSTAR MORTGAGE, LLC or Bank of America FKA Countrywide.  Those funds were notice to NATIONSTAR MORTGAGE, LLC of some issue with the note.  Those funds were notice to NATIONSTAR MORTGAGE, LLC of possible fraud with the mote and mortgage.

28.   While investigating to determine who was in possession of the funds, the Plaintiff gave permission to her husband who contacted Caliber and inquired about the funds.  Her husband was told by Caliber that the funds did not transfer with the note and mortgage and that he should contact Bank of America.

29.   The husband of the Plaintiff was told by a representative of Bank of America that the funds were in a "deceased mortgagee department" or something to that effect.

30.   Ultimately, on July 13, 2015, without being able to prove the existence of the pay-off checks issued by the insurance company on behalf of her father, the Plaintiffs lost the property to foreclosure.

31.   On or about May 2018, an agent of AIG was able to locate copies of the checks and sent them to the Plaintiffs.  The copies of the checks show that the mortgage pay-off check was sent to the Plaintiffs "c/o Countrywide" bank; however, the Countrywide Defendants concealed that check from the Plaintiffs and never attempted to obtain the signature of the Plaintiff Joanne before negotiating the check and never applied it toward the balance of the mortgage of the Plaintiff's father.

32.   One or all the Defendants are still holding the funds belonging to the Plaintiffs as the pay-off payment was never applied and the balance of construction payment was never returned.

### COUNT I - FRAUD as to Countrywide and Bank of America defendants

1.   Paragraph 1 to 32 of the factual allegations are hereby incorporated and made paragraphs 1 to 32 of this count.

33.  On or about August, 2005, a representative of Bank of America Defendants FKA Countrywide Defendants told the Plaintiff Joanne Williams over the phone "If you don't assume your father's mortgage, reconstruction would STOP."

34. On or about August 23, 2005, the Plaintiff relied on the above statement and paid $100.00 as consideration to assume her father's mortgage.

35. The above statement was fraudulent because at the time the Defendants made the statement, the Defendants were already in possession of pay-off check to pay-off the mortgage of the Plaintiff's father.  Additionally, the above statement was false because the mortgage of the Plaintiff's father was non-assumable.

36. The Defendants knew the statement was false because it knew the mortgage was non-assumable and that it was paid-off.

37.  As a result of the Defendants' false statement, the Plaintiff assumed her father's mortgage.

38. The Bank of America Defendants FKA Countrywide Defendants concealed that the fact that the mortgage was paid-off in order to induce the Plaintiff into assuming the mortgage.

39. After the Plaintiff assumed the mortgage of her father, the Bank of America Defendants FKA Countrywide Defendants concealed the fact that the mortgage was paid-off in order to prevent or delaying the Plaintiff from filing a complaint against the Defendants.

40. The Defendants refused to give the Plaintiff copy of the checks in order to conceal the Plaintiff's claim from her.

41. As a result of the concealment, the Plaintiff did not have the necessary probable cause to bring her claim until this past May 2018 when she received a copy of the checks, including the payoff checks.

## COUNT II- FRAUD as to NATIONSTAR MORTGAGE, LLC AND CALIBER HOME LOANS defendants

1. Paragraph 1 to 32 of the factual allegations are hereby incorporated and made paragraphs 1 to 32 of this count.

33. On or about July 2015, the attorney for NATIONSTAR MORTGAGE, LLC told the Plaintiff "we can see the money but we just don't know how to grab it."

34. The above statement was fraudulent because at the time the Defendants made the statement, the Defendants knew how to grab the money to either apply or at the very least return it to the Plaintiff or escheat to the State of Connecticut.

35. On or about the same time, a representative of Caliber Home Loans Defendant told the Plaintiff "I can the money on another system… but we can't apply."  On another occasion on or about the same time of July 2015, a another representative of Caliber Home Loans told the Plaintiff "There is a balance from the construction loan…we don't know how to refund it."

36. The Nationstar and Caliber Home Loans Defendants concealed that the fact that the mortgage was paid-off in order to continue with their foreclosure which started in 2013.

37. The concealment was for purpose of delaying the Plaintiff from asserting a special defense to the foreclosure of 2013 or from bringing an action against the Defendants.

38. The Defendants refused to give the Plaintiff information about the pay-off checks in order to conceal the Plaintiff's claim from her.

39. As a result of the concealment, the Plaintiff did not have the necessary probable cause to assert a defense in the 2013 foreclosure case or bring her claim until this past May 2018 when she received a copy of the checks, including the payoff checks.

### <u>COUNT III  (CONVERSION as to all defendants)</u>

1. Paragraph 1 to 32 of the factual allegations are hereby incorporated and made paragraph 1 to 32 of this count.

33. The payoff funds and the balance of the construction payment belong to the Plaintiffs.

34. The Defendants have taken possession, dominion and control and continue to exercise such control over the above properties of the Plaintiffs and refused to return them to the Plaintiffs after being requested to do so.

35. The Plaintiffs were at all time the owners of the above properties at issue.

36. The Defendants have deprived the Plaintiffs of the above funds/properties

37. The Defendants' conduct over the property of the Plaintiffs was not authorized by the Plaintiffs or anyone else with right to convey such power to the Defendants.

38. As a direct and proximate result of the Defendants' actions, the Plaintiffs suffered emotional and mental damages and continuously suffers with serious financial damages and economic hardship.

## COUNT IV  (REPLEVIN under Connecticut General Statute Sec. 52-575 et seq. as to all defendants)

1. Paragraph 1 to 32 of the factual allegations are hereby incorporated and made paragraph 1 to 32 of this count.

33. Paragraph 33 to 38 of the conversion count are hereby incorporated and made paragraph 33 to 38 of this count.

39. The Plaintiffs funds is a chattel and the Plaintiffs are the owners of the above chattel.

40. The Defendants took the Plaintiff's funds wrongfully and the Plaintiffs have rights to immediate possession of the above chattel and the Defendants are detaining them.

41. As a result of the Defendants taking of the Plaintiff's funds, the Plaintiffs have incurred money damages, emotional distress, lost their home.

## COUNT V  (REPLEVIN Common law as to all defendants)

1. Paragraph 1 to 32 of the factual allegations are hereby incorporated and made paragraph 1 to 32 of this count.

33. Paragraph 33 to 41 of the previous Replevin count are hereby incorporated and made paragraph 33 to 41 of this count.

## COUNT VI - UNJUST ENRICHMENT (as to all Defendants)

1. Paragraph 1 to 32 of the factual allegations are hereby incorporated and made paragraph 1 to 32 of this count.

33. Paragraph 33 to 41 of the previous Replevin count are hereby incorporated and made paragraph 33 to 41 of this count.

42. The Defendants took the Plaintiff's payoff funds and never applied to payoff the mortgage.  As a result the Plaintiffs never received the benefit of paying off the mortgage, the interest on the funds over 13 years and lost their home.

43. It is unjust for the Defendants to retain the money which belongs to the Plaintiffs.

## COUNT VII-CONNECTICUT UNFAIR TRADE PRACTICES ACT(as to all Countrywide and Bank of America Defendants)

1. Paragraph 1 to 32 of the factual allegation s are hereby incorporated and made paragraph 1 to 32 of this count.

33. Paragraph 33 to 41 of COUNT I - Fraud are hereby incorporated and made paragraph 33 to 41 of this count.

42. Paragraph 33 to 39 of COUNT II-Fraud are hereby incorporated and made paragraph 42 to 48

49. The Defendants' course of conduct, as alleged herein, has been undertaken in the conduct of trade and commerce as defined in Conn. Gen. Stat. section 42-110a(4)

50. On at least one occasion, from January 1, 2005, the Bank of America Defendants FKA Countrywide Defendants received mortgage payments and did not apply them to the mortgage.

51. On at least one other occasion, as alleged in the factual allegations, the Defendants or their predecessor entered into a contract to lend money to the Plaintiffs as it is commonly described when a consumer purchases a real estate with a loan from a lending institution.

52. On several other occasions, the Defendants interred into contracts with consumers like the Plaintiff for the purpose of stealing from them.

53. The Defendants has made or caused to be made, directly or indirectly, explicitly or by implication, representations and omissions to the Plaintiffs and Connecticut consumers.

54. Contrary to the Defendants' representation, the agreement to assume her father's mortgage was based on deception as her father's mortgage was paid off.

55. The Defendants misrepresented their intentions to the Plaintiffs.

56. The Defendants knew or should have known that they received a pay-off of the mortgage of the Plaintiff's father to be applied toward the loan balance.

57. The Plaintiffs reasonably relied on the statements of mortgagee, servicer of the mortgage, owner of the mortgage, given by the Defendants since they are nationally known lending institutions.

58. The actions of the Defendants of not applying the pay-off amount and stealing and converting was deceptive, fraudulent, unscrupulous, unethical, immoral and illegal as described above, and violates the public policies of the State of Connecticut

59. The aforementioned patterns and practices and actions of the Defendant were designed to enrich the Defendants at the expense of the Plaintiffs.

60. As a result of similar actions by the Defendants the whole real estate market of the United States and Connecticut has suffered money damages.

61. As a direct and proximate result of the actions of the Defendants, the Plaintiff sustained loss of money, time and emotional distress.

62. A copy of this complaint was sent to the Connecticut Department of Consumer Protection Commissioner and the Attorney General Office.

## COUNT VIII-CONNECTICUT UNFAIR TRADE PRACTICES ACT(as to all NATIONSTAR AND CALIBER HOME LOANS Defendants)

1. Paragraph 1 to 32 of the factual allegation s are hereby incorporated and made paragraph 1 to 32 of this count.

33. Paragraph 33 to 41 of COUNT I - Fraud are hereby incorporated and made paragraph 33 to 41 of this count.

34. Paragraph 33 to 39 of COUNT II-Fraud are hereby incorporated and made paragraph 42 to 48

49. The Defendants' course of conduct, as alleged herein, has been undertaken in the conduct of trade and commerce as defined in Conn. Gen. Stat. section 42-110a(4)

50. On at least one occasion, from January 1, 2013, the NATIONSTAR and CALIBER HOME LOANS kept home owners money in suspense accounts without investigating who the true owner of the funds are.

51. On at least one other occasion, as alleged in the factual allegations, the Defendants or their predecessor purchased loans and become assignees of questionable loans.

52. The Defendants has made or caused to be made, directly or indirectly, explicitly or by implication, representations and omissions to the Plaintiffs and Connecticut consumers when it told the Plaintiffs "We can see the money, but we don't know how to grab it" or something to that effect in open court in July 2015.

53. Contrary to the Defendants' representation, it can grab the money and give it to its rightful owner or escheat it to the State of Connecticut.

54. The Defendants misrepresented their intentions to the Plaintiffs.

55. The Defendants knew or should have known that the funds they could see and couldn't grab belong to someone other than NATIONSTAR OR CALIBER HOME LOANS.

56. The actions of the Defendants of holding the Plaintiffs' funds while foreclosure on them at the same time was deceptive, fraudulent, unscrupulous, unethical, immoral and illegal as described above, and violates the public policies of the State of Connecticut

57. The aforementioned patterns and practices and actions of the Defendant were designed to enrich the Defendants at the expense of the Plaintiffs.

58. As a direct and proximate result of the actions of the Defendants, the Plaintiff sustained loss of money, time and emotional distress.

59. A copy of this complaint was sent to the Connecticut Department of Consumer Protection Commissioner and the Attorney General Office.


### COUNT IX -  VIOLATION OF THE

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 et seq, as to all defendants

1. Paragraph 1 to 32 of the factual allegation s are hereby incorporated and made paragraph 1 to 32 of this count.

33. Paragraph 33 to 41 of COUNT I - Fraud are hereby incorporated and made paragraph 33 to 41 of this count.

42. Paragraph 33 to 39 of COUNT II-Fraud are hereby incorporated and made paragraph 42 to 48

49. The Defendants are national banks or mortgage servicing companies and are alleged legal entities incorporated in the united states and doing business in the whole United States.

50. The Plaintiffs are consumers as that term is defined by 15 U.S.C. 1692a(3).

51. The mortgage loan that is the subject of this litigation is a debt as that term is defined by 15 U.S.C. 1692a(5).

52. The Defendants are debt collectors as that term is defined by 15 U.S.C. 1962a(6)sd

53. The Defendants are engaged in conduct violating one or more sections of 15 U.S.C. 1962 et seq, by doing the following non-exhaustive list of acts:

    a) made false, deceptive and/or misleading representations in connection with its efforts to collect a debt as prohibited by 15 U.S.C. 1692e.

    b) threatened the Plaintiff Joanne Williams with a lawsuit if she did not assume her father's mortgage.

    d) Kept telling the Plaintiff "we can see the money but we don't know how to grab it." or something to that effect.

    e) by providing the Plaintiffs a miscalculated mortgage payment amount.

    f) sending mortgage statement with a debt amount that was erroneous and collecting on a mortgage that was paid-off.

54. As a result of the actions of the Defendants, the Plaintiff incurred damages and is entitled to all relief under 15 U.S.C. 1692k including but limited to statutory damages, actual damages, attorney fees and costs of suit.

## COUNT X -  VIOLATION OF THE

## (Connecticut Fair Debt Collection Practices Act § 36a-646 et seq, as to all

## Defedants)

1.  Paragraph 1 to 32 of the factual allegation s are hereby incorporated and made par-agraph 1 to 32 of this count.

33. Paragraph 33 to 41 of COUNT I - Fraud are hereby incorporated and made para-graph 33 to 41 of this count.

42. Paragraph 33 to 39 of COUNT II-Fraud are hereby incorporated and made para-graph 42 to 48

49. The Defendants are creditors as that term is defined by C.G.S. § 36a-646.

50. The Plaintiffs are consumers debtor as defined by as that term is defined by C.G.S. § 36a-646

51. The Defendant is engaged in conduct violating one or more sections of C.G.S. § 36a-646 et seq, by doing the following non- exhaustive list of acts:

a) made false, deceptive and/or misleading representations in connection with its efforts to collect a debt as prohibited by 15 U.S.C. 1692e.

b) threatened the Plaintiff Joanne Williams with a lawsuit if she did not assume her father's mortgage.

d) Kept telling the Plaintiff "we can see the money but we don't know how to grab it." or something to that effect.

e) by providing the Plaintiffs a miscalculated mortgage payment amount.

f) sending mortgage statement with a debt amount that was erroneous and col-lecting on a mortgage that was paid-off.

51. As a result of the actions of the Defendant, the Plaintiff incurred damages and is entitled to all relief under 15 U.S.C. 1692k including but limited to statutory damages, actual damages, attorney fees and costs of suit.

WHEREFORE, the cross Plaintiff demands:

1. Money damages in the amount of twenty millions dollars ($20,000,000.00)

2. Punitive damages

3. Return of pay-off of the mortgage funds of the Estate of Frederick B. Williams Sr. with interest.

4. Return of the construction funds that was not paid to the contractor with interest.

5. Return of pay-off of the assumed mortgage by Joanne Williams when she refinanced with interest.

6. Award of legal fees.

7. All relief afforded under 12 U.S.C. 2605(f) including to statutory damages, actual damages, attorney fees and costs.

8. all relief under 15 U.S.C. 1692k including but limited to statutory damages, actual damages, attorney fees and costs of suit.

9. all relief under 36a-646 et seq including but limited to statutory damages, actual damages, attorney fees and costs of suit.

10. Return of the Plaintiff's funds from the bank account in control of the Defendants

11. Punitive damages under Connecticut law in the form of an award of attorney fees for this action;

12. Any other relief the Court deems fair and equitable.


## JURY DEMAND

The Plaintiffs demand a jury trial on all issues so triable.


THE PLAINTIFFS.
JoAnne M. Williams as Trustee for the Estate
of Frederick B. Williams Sr.,

JoAnne M. Williams a/k/a JoAnne M. Wojtaszek


/s/    Andre Cayo (ct29012)___
Andre Cayo, Esq. (Ct29012)
P.O. Box 320297
Fairfield, CT 06825
203-517-0416  Phone
203-517-0418 Fax
Cayolaw@gmail.com