**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

JOANNE M. WILLIAMS, individually and
as trustee for the ESTATE OF FREDERICK
B. WILLIAMS, SR.,
    *Plaintiff*,

v.

COUNTRYWIDE BANK, et al.,
    *Defendants*.

No. 3:18-cv-2007 (VAB)

**RULING AND ORDER ON MOTION TO AMEND**

On December 9, 2018, Joanne Williams, individually and as trustee for the estate of her late father, Frederick B. Williams, Sr. ("Plaintiffs"), filed suit against: (1) Countrywide Bank, FSB and Countrywide Bank, N.A. (d/b/a Bank of America, N.A.) and Countrywide Home Loans, Inc. (d/b/a Bank of America Home Loans; together with Countrywide Bank, FSB and Countrywide Bank, N.A., "Countrywide Defendants"); (2) BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P., BAC Home Loans Servicing, L.P. (d/b/a Bank of America Home Loans), Bank of America, N.A. (aka Countrywide Bank, N.A.) and Bank of America Corporation (together with BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P., BAC Home Loans Servicing, L.P., and Bank of America, N.A., "Bank of America Defendants"); (3) Nationstar Mortgage, LLC; (4) Caliber Home Loans, Inc. (d/b/a Caliber Home Loans and Caliber Home Loans Servicing, "Caliber"); and (5) U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust. Compl., ECF No. 1, ¶¶ 3–11.

Plaintiffs allege that Countrywide Defendants and Bank of America Defendants committed fraud and violated the Connecticut Unfair Trade Practices Act ("CUTPA"), CONN. GEN. STAT. § 42–110a *et seq*. Compl., Counts I and VII. Plaintiffs allege, separately, that

Nationstar Mortgage, LLC and Caliber committed fraud and violated CUTPA. Compl., Counts II and VIII. Plaintiffs sue all Defendants for conversion, common law and statutory replevin, CONN. GEN. STAT. § 52-575, unjust enrichment, violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*, and violation of the Connecticut Fair Debt Collection Practices Act, CONN. GEN. STAT. § 36a-646 *et seq*. Compl., Counts III, IV, V, VI, IX, and X.

On March 14, 2018, Plaintiffs moved to amend the Complaint. Mot. to Leave to Amend Compl. (to Alleged Specific Date in Para. 26) ("Mot. Amend."), ECF No. 34.

On April 2, 2019, Caliber objected to Plaintiffs' motion to amend. Def. Caliber Home Loans, Inc.'s Obj. to Pls.' Mot. to Amend the Compl. ("Caliber Obj."), ECF No. 37.

For the reasons that follow, the Court **GRANTS** Plaintiffs' motion to amend, ECF No. 34.

As a result, the Court **DENIES** without prejudice to renewal all pending motions to dismiss, ECF Nos. 28, 29, and 30, and **GRANTS** Plaintiffs' motions for extension of time to respond or reply, ECF Nos. 35 and 36. The Court sets a response deadline of 21 days after the filing of any renewed motion to dismiss. D. CONN. L. CIV. R. 7(a)(2).

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background[1]

On or about November 5, 2004, Ms. Williams' father ("Mr. Williams") allegedly died in a house fire at their residence in Plainville, Connecticut. Compl. at ¶ 2. As a result of the fire, almost all of Mr. Williams' documents and records were allegedly burned or lost. *Id*. at ¶ 3.

Mr. Williams' house was allegedly secured by a non-assumable mortgage of $137,400.00. *Id*. at ¶ 4.

---

[1] The Court sets forth only those facts deemed necessary to an understanding of the issues raised in and decided in this motion.

Mr. Williams' estate allegedly filed a claim with AIG Colonial Penn. *Id*. at ¶ 5. In June of 2005, AIG Colonial Penn allegedly issued a check to the estate in the amount of $130,797.59. *Id*. at ¶ 5. In June of 2006, AIG allegedly issued a check to the contractors rebuilding the Williams' house in the amount of $66,783.00. *Id*. at ¶¶ 5–6.

During the reconstruction of the house, Countrywide Home Loans allegedly called Ms. Williams and told her: "If you don't assume your father's mortgage, reconstruction would STOP." *Id*. at ¶ 7. At that time, Countrywide Home Loans allegedly knew that the statement was false. *Id*. at ¶ 8. Ms. Williams allegedly relied on the statement and paid $100.00 as consideration to assume her father's mortgage. *Id*. at ¶ 9. Defendants allegedly knew but did not tell Ms. Williams that the mortgage was paid off. *Id*. at ¶ 9.

Ms. Williams allegedly made mortgage payments for more than a year. *Id*. at ¶ 10. She then allegedly went to Webster Bank to refinance the home in the amount of $237,000.00. *Id*. at ¶ 10. Bank of America, N.A. (aka Countrywide Bank, FSB) allegedly confirmed receipt of the payoff via confirmation letter stating "PAID IN FULL." *Id*. at ¶ 11.

On October 30, 2006, Ms. Williams was allegedly told that her new loan was transferred from Webster Bank to Countrywide Bank FSB. *Id*. at ¶ 12.

In 2008, Countrywide Defendants were allegedly purchased by Bank Of America Corporation. *Id*. at ¶ 13.

On or about August 24, 2009, BAC Home Loans Servicing L.P. allegedly commenced a foreclosure action against Ms. Williams. *Id*. at ¶ 14. As a result, Plaintiffs' loan was allegedly modified in January 2010. *Id*. at ¶ 14. The foreclosure action was allegedly dismissed in June 2010. *Id*.

On or about February 26, 2013, Nationstar Mortgage LLC allegedly commenced a foreclosure action against Ms. Williams and argued that it had acquired her mortgage and note by assignment from Bank of America N.A. successor by merger to BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P. *Id*. at ¶¶ 15–16.

In July of 2015, Nationstar Mortgage LLC allegedly admitted during a court proceeding that it was holding $152,000 of insurance proceeds collected around the time that Ms. Williams had assumed her father's mortgage. *Id*. at ¶ 18. Up until that time, Ms. Williams had allegedly professed that she believed her father had insurance to pay-off his mortgage; however, she was allegedly unable to verify her belief because the documents were lost in the fire. *Id*. at ¶ 19.

On July 13, 2015, Plaintiffs allegedly lost the property to foreclosure. *Id*. at ¶ 30.

One or all of the Defendants are allegedly still holding funds belonging to Plaintiffs. *Id*. at ¶ 32.

### B. Procedural Posture

On December 9, 2018, Plaintiffs filed the Complaint. Compl.

On February 21, 2019, Caliber moved to dismiss the case. Mot. to Dismiss, ECF No. 28.

On February 25, 2019, Nationstar Mortgage LLC moved to dismiss the case. Mot. to Dismiss, ECF No. 29.

On February 25, 2019, Countrywide Defendants and Bank of America Defendants moved to dismiss the case. Mot. to Dismiss, ECF No. 30.

On March 14, 2018, Plaintiffs filed notice of the voluntary dismissal of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust under Federal Rule of Civil Procedure 41(a)(1). Notice of Dismissal, ECF No. 33; FED. R. CIV. P. 41(a)(1). That day, the Court terminated U.S. Bank Trust, N.A. from the case.

On March 14, 2018, Plaintiffs moved to amend the Complaint, Mot. Amend., and for an extension of time to respond to Caliber's motion to dismiss until after the ruling on the motion to amend, Mot. for Enlargement of Time to Resp. to Defs.' Mot. to Dismiss or Revised Mot. to Dismiss, ECF No. 35.

On March 18, 2019, Plaintiffs moved for an extension of time to respond to the remaining Defendants' motions to dismiss. Mot. for Enlargement of Time to Resp. to Defs.' Mot. to Dismiss or Revised Mot. to Dismiss, ECF No. 36.

On April 2, 2019, Caliber objected to Plaintiffs' motion to amend. Caliber Obj.

## II.    STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure provides that a party may either amend once as a matter of course within 21 days of service or the earlier of 21 days after service of a required responsive pleading or motion under Rule 12 (b), (e) or (f). FED. R. CIV. P. 15(a)(1). Once that time has elapsed, a party may move for leave to file an amended pleading. FED. R. CIV. P. 15(a)(2).

Courts "should freely give leave [to amend] when justice so requires." *Id.*; *see also Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000) ("[D]istrict courts should not deny leave unless there is a substantial reason to do so[.]"). The Second Circuit "review[s] the district court's decision to grant a party leave to amend for abuse of discretion." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. [.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Pasternack v. Shrader*, 863

F.3d 162, 174 (2d Cir. 2017) ("The denial of leave to amend, based solely on delay and litigation expense, was an abuse of discretion. The district court's explanation cited the years of litigation and concluded: '[The] defendants have spent a vast amount of money litigating the sufficiency of various complaints in this case. This is not something unworthy of consideration. It is surely prejudice . . . .' J. App'x at 1317. But delay (and its necessary consequence, litigation expense) does not, without more, constitute undue prejudice.").

## III.   DISCUSSION

Plaintiffs seek to amend paragraph twenty-six of the Complaint to allege a specific date, May 8, 2018, and additional facts. Mot. Amend, at 2.

Caliber objects on two grounds: (1) Plaintiffs mischaracterized the proposed amendments in their motion to amend, Caliber Obj. at 1–2, and (2) the proposed amendments are made in bad faith, *id*. at 2–4.

Plaintiffs' motion to amend was filed twenty-four days after Caliber's motion to dismiss. Mot. to Dismiss; Mot. Amend. As a result, the Court considers Plaintiffs' motion under Rule 15(a)(2). FED. R. CIV. P. 15(a)(1) (providing that a party may either amend once as a matter of course within 21 days of service or the earlier of 21 days after service of a required responsive pleading or motion under Rule 12 (b), (e) or (f)); FED. R. CIV. P. 15(a)(2) (stating that once the time under Rule 15(a)(1) has elapsed, a party may move for leave to file an amended pleading).

In *Colliton v. Cravath, Swaine & Moore LLP*, the Court denied leave to amend and issued Rule 11 sanctions for the filing of the amended complaint. *Colliton v. Cravath, Swaine & Moore LLP*, No. 08-CV-0400 (NRB), 2008 WL 4386764, at *10 (S.D.N.Y. Sept. 24, 2008), *aff'd sub nom. Colliton v. Cravath, Swain & Moore LLP*, 356 F. App'x 535 (2d Cir. 2009). In denying leave to amend, the court noted that Mr. Colliton previously had an opportunity to amend his

6

complaint. *Id*. "Moreover, Colliton himself was an ERISA lawyer whose job was to provide financial advice to Cravath, and he submitted an Amended Complaint that is voluminous—299 paragraphs, and 60-pages." *Id*. The Court ultimately denied leave to amend on the grounds that amendment would not be productive. *Id*. The Court then imposed Rule 11 sanctions because it had previously advised Mr. Colliton "of his obligations under Rule 11. Despite this warning, Colliton . . . a former attorney. . . filed an amended complaint consisting of self-contradictory allegations without legal or factual support. Further, Colliton . . . harassed Cravath and threatened the firm and its clients with further frivolous litigation unless they settle this case." *Id*.

Here, Plaintiffs have not previously sought leave to amend their Complaint. Further, they filed their motion to amend roughly three months into this litigation. Mot. Amend. Plaintiffs attached their proposed amended Complaint to the motion to amend. Am. Compl., ECF No. 34-1. Plaintiffs' proposed amended paragraph twenty-six was presented in bold-faced type. *Id*. at ¶ 26. Plaintiffs are represented by counsel, and counsel has attested that the newly alleged information "will aid all parties and the Court in determining when certain acts took place." Mot. Amend at 2.

Caliber is correct that Plaintiffs' proposed changes may alter its statute of limitations analysis, Caliber. Obj. at 2–3, and answers to Counts three through six, *id*. at 3–4. But any delay or expense incurred by Caliber at this early stage of litigation cannot constitute unreasonable prejudice. *Pasternack*, 863 F.3d 162, 174 (2d Cir. 2017) ("The denial of leave to amend, based solely on delay and litigation expense, was an abuse of discretion. The district court's explanation cited the years of litigation and concluded: '[The] defendants have spent a vast amount of money litigating the sufficiency of various complaints in this case. This is not something unworthy of consideration. It is surely prejudice . . . .' J. App'x at 1317. But delay

(and its necessary consequence, litigation expense) does not, without more, constitute undue prejudice.").

Caliber's allegations of bad faith are unsupported. Plaintiffs' motion to amend was accompanied by the proposed changes, presented in bold-faced type. Am. Compl. at ¶ 26. Even if Plaintiffs' brief description of the proposed changes, Mot. Amend at 2, understated their scope or importance, the inclusion of the proposed Amended Complaint sufficiently alerted the parties and the Court to the nature of the changes.

This case is also distinguishable from *Colliton* because Plaintiffs—to the Court's knowledge—are not former attorneys who have threatened to pursue frivolous litigation unless Defendants settle. *Colliton*, 2008 WL 4386764, at *10. Moreover, the *Colliton* court denied the motion to amend as being unproductive. *Id*. By contrast, Plaintiffs' proposed amendments may "aid all parties and the Court in determining when certain acts took place." Mot. Amend at 2.

Given the early stage of this litigation, the potential utility of Plaintiffs' amendments, and a lack of evidence of bad faith, the Court grants Plaintiffs leave to amend the Complaint, and adopts the Amended Complaint, Am. Compl., as the operative Complaint for this litigation. *Friedl*, 210 F.3d at 87 ("[D]istrict courts should not deny leave unless there is a substantial reason to do so[.]"); *Monahan*, 214 F.3d at 283 (explaining that the Second Circuit "review[s] the district court's decision to grant a party leave to amend for abuse of discretion").

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiffs' motion to amend, ECF No. 34.

As a result, the Court **DENIES** without prejudice to renewal all pending motions to dismiss, ECF Nos. 28, 29, and 30, and **GRANTS** Plaintiffs' motions for extension of time to respond or reply, ECF Nos. 35 and 36. The Court sets a response deadline of twenty one (21)

8

days after the filing of any renewed motion to dismiss. D. CONN. L. CIV. R. 7(a)(2).

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of August, 2019.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE