UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOANNE M. WILLIAMS & JOANNE M. WILLIAMS as Trustee for the Estate of Frederick B. Williams, Sr.,<br>            *Plaintiffs*,<br><br>v.<br><br>COUNTRYWIDE BANK, FSB, *et al.*,<br>            *Defendants*. | No. 3:18-cv-2007 (VAB) |

**RULING ON MOTION TO RECONSIDER**

JoAnne M. Williams, also known as JoAnne M. Wojtaszek ("Plaintiff"), in her individual capacity and as Trustee for the Estate of Frederick B. Williams, Sr., her late father, sued Countrywide Bank, FSB, doing business as Bank of America, N.A.; Countrywide Bank, N.A., doing business as Bank of America, N.A.; Countrywide Home Loans, Inc., doing business as Bank of America Home Loans; BAC Home Loans Servicing, L.P., formerly known as Countrywide Home Loans Servicing, LP; BAC Home Loans Servicing, L.P., doing business as Bank of America Home Loans; Bank of America, N.A., also known as Countrywide Bank, N.A.; and Bank of America Corporation (collectively, "Bank of America"); Nationstar Mortgage LLC; and Caliber Home Loans, Inc., doing business as Caliber Home Loans and Caliber Home Loans Servicing (collectively, with Bank of America, "Defendants"). Am. Compl., ECF No. 34-1 (Mar. 14, 2019).

Ms. Williams alleged that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and also set forth state law claims relating to her late father's mortgage and subsequent financial transactions. *Id.* On July 19, 2020, the Court granted Defendants'

motions to dismiss all of Ms. Williams's claims and closed this case. Ruling & Order on Mot. to Dismiss, ECF No. 62 (July 19, 2020) ("Ruling"); J., ECF No. 63 (July 22, 2020) ("Judgment"). Ms. Williams has moved to alter the Court's judgment and Defendants have objected to her motion. *See* Mot. for Relief from J & Order, ECF No. 64 (Aug. 17, 2020); Am. Mot. for Relief from J & Order, ECF No. 65 (Aug. 18, 2020) ("amended motion to reconsider" or "Am. Mot."); Def. Caliber Home Loans Inc.'s Mem. in Opp'n to Pl.'s Am. Mot. for Relief from J. & Order, ECF No. 67 (Sept. 4, 2020) ("Caliber Opp'n"); Def. Nationstar Mortgage, LLC's Obj. to Pl.'s Am. Mot. for Relief from J. & Order, ECF No. 68 (Sept. 4, 2020) ("Nationstar Opp'n"); Bank of America Defendants' Opp'n to Pl.'s Mot. for Relief from J., ECF No. 69 (Sept. 8, 2020) ("BofA Opp'n").

For the reasons set forth below, the amended motion to reconsider is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the underlying allegations of this case, as set forth in the Ruling granting Defendants' motion to dismiss. *See* Ruling. The Court therefore provides only the procedural background that is necessary for deciding Ms. Williams's amended motion to reconsider.

On December 9, 2018, Ms. Williams sued Defendants, plus one additional defendant (U.S. Bank Trust). Compl., ECF No. 1 (Dec. 9, 2018).

On March 14, 2019, Ms. Williams moved to file an amended complaint, dropping her allegations against U.S. Bank Trust. Mot. to Amend, ECF No. 34 (Mar. 14, 2019); Am. Compl.

On August 16, 2019, the Court granted Ms. Williams's motion to amend her Complaint. Order, ECF No. 43 (Aug. 16, 2019).

On July 19, 2020, after reviewing various filings and holding a telephonic hearing, *see* Min. Entry, ECF No. 61 (July 12, 2020), the Court dismissed all of Ms. Williams's claims and closed this case. Ruling; Judgment.

On August 18, 2020, Ms. Williams moved to alter the Court's judgment. Am. Mot.

On September 4, 2020, Defendants Caliber Home Loans Inc. and Nationstar Mortgage LLC individually filed memoranda in opposition to Ms. Williams's amended motion to reconsider. Caliber Opp'n; Nationstar Opp'n.

On September 8, 2020, Bank of America also filed a memorandum in opposition to Ms. Williams's amended motion to reconsider. BofA Opp'n.

## II. STANDARD OF REVIEW

Under Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The decision as to whether relief should be granted under Rule 60(b) "is committed to the sound discretion" of the Court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted).

The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

3

*Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). Thus, a motion to reconsider is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

### III. DISCUSSION

The determination of whether a party's neglect is "excusable" under Rule 60(b)(1) is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Ms. Williams argues that the Court should alter its judgment for the "sole purpose of allowing her to proceed with her claims for [] construction proceeds." Am. Mot. at 2. She argues that in Count II of her Complaint, specifically "paragraph 26," she used the wrong date when stating when "she became aware of the balance of the construction payments." *Id.* She argues that rather than July 2015, her time of awareness "was actually May 2018." *Id.*

Defendants argue that Ms. Williams's "motion should be denied because her alleged mistake was not a material mistake that would have changed the outcome of the Court's judgment." Caliber Opp'n at 2; *see* Nationstar Opp'n at 3 ("such an Amendment to the[] Amended Complaint would not change the outcome of this case"); BoA Opp'n at 2 ("Plaintiff

4

offers no viable grounds for relief from the Final Judgment").

The Court agrees.

"Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment." *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y.1999). Rule 60(b)(1), however, will not provide a movant an additional opportunity to make arguments or attempt to win a point already "carefully analyzed and justifiably disposed." *Id.* at 90. In other words, even if a movant's neglect was excusable, this Court should not "reconsider issues already examined simply because Petitioner is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." *Id.*; *see also Mills v. New York State*, No. 1:15-cv-00280 (MAT), 2016 WL 5919844, at *2 (W.D.N.Y. Oct. 11, 2016) (declining relief under Rule 60(b)(1) because the alleged mistake "ha[d] no bearing whatsoever on the judgment dismissing the Complaint in this action").

In its Ruling dismissing this case, the Court stated that "all of Ms. Williams's claims calling for the return of insurance proceeds [were] barred by *res judicata*, as they have already been litigated or should have been litigated in the state court foreclosure proceeding." Ruling at 22. Ms. Williams argues that the date on which she became aware of the of the balance of her construction payments was erroneously recorded, and therefore "[t]o the extent the [C]ourt would have made a different decision regarding the balance of the construction proceeds" the Court should "allow[] [Ms. Williams] to proceed with her claims for the construction proceeds." Am. Mot. at 2. And yet, she has not provided the Court with any further support as to why the date change was material to the outcome of the case. As the Second Circuit held in *Analytical Surveys*, a motion to reconsider is "not a vehicle for relitigating old issues, presenting the case

5

under new theories, [or] securing a rehearing on the merits." 684 F.3d at 52.

While the Court assumes that Ms. Williams has alleged that the time she became aware of the construction proceeds was later than that put forth in her Amended Complaint, it is clear that Ms. Williams has completely overlooked, or intentionally not addressed, the Court's analysis of the doctrine of collateral estoppel put forward in the Court's Ruling before the discussion of her claims being time-barred. *See* Ruling at 18-22. As the Court stated, "Collateral estoppel, or issue preclusion, is that aspect of *res judicata* which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." *Id.* (quoting *Byars v. Berg*, 116 Conn. App. 843, 846 (2009)).

Under this doctrine, regardless of whether Ms. Williams abandons her "mortgage payoff" claims, and irrespective of whether she learned of the construction proceeds in May 2018, rather than July 2015, the claim for construction proceeds arises from the same formerly litigated events, and therefore remains barred from further litigation. *See Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998) ("The doctrines of res judicata and collateral estoppel are designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" (alteration in original) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979))).

In any event, even if collateral estoppel did not prevent the reopening of this case, Ms. Williams's amended motion to reconsider does not meet the criteria necessary for a change of judgment. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling

law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted)). Ms. Williams has not pointed to a change of law or new evidence, and while she does try to correct an alleged error, she fails to provide support as to how correcting the error "might reasonably be expected to alter the conclusion reached by the [C]ourt." *Shrader*, 70 F.3d at 257.

Accordingly, Ms. Williams's amended motion to reconsider will be denied.

## IV. CONCLUSION

For the reasons stated above, Ms. Williams's amended motion to reconsider is **DENIED.** Thus, this case remains closed.

**SO ORDERED** at Bridgeport, Connecticut this 19th day of February, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE